[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On May 4, 1992, the plaintiff Blue Cross and Blue Shield of Connecticut, Inc. filed a two count complaint against defendant Jesse Jutkowitz. In the first count the plaintiff states a claim CT Page 6990 for breach of contract, and in the second count the plaintiff sets forth a claim for fraud. The defendant filed an answer and special defense on September 1, 1992. In his special defense the defendant maintains that plaintiff's claims are barred by the statute of limitations. The plaintiff filed a reply to the defendant's special defense on September 14, 1992. In its reply the plaintiff denies the allegations set forth in the defendant's special defense. The case was assigned for trial on January 28, 1993, and again on May 10, 1993.
On May 4, 1993, the plaintiff filed a request for leave to amend its reply to the defendant's special defense. In its request for leave to amend the plaintiff asserts that, pursuant to General Statutes 52-595, the defendant fraudulently concealed the existence of the plaintiff's causes of action, and as a result, the statute of limitations should be tolled.
On May 11, 1993, the defendant filed a motion for summary judgment claiming that there is no genuine issue of material fact because plaintiff's claims are barred by the statute of limitations. Thereafter the defendant filed an objection to the plaintiff's request for leave to amend its reply to defendant's special defense. On June 8, 1993, the court overruled the defendant's objection to the plaintiff's request for leave to amend its reply to its special defense.
The test for a summary judgment motion is "whether a party would be entitled to a directed verdict on the same facts." (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). When deciding a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). The standard for a motion for summary judgment is well established. "Practice Book 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" Gurliacci v. Mayer, 218 Conn. 531, 561,590 A.2d 14 (1991). In deciding a summary judgment motion "the trial court must view the evidence in the light most favorable to the non-moving party." (Citation omitted.) Connecticut Bank Trust Co. v. Carriage Lane Assoc., 219 Conn. 772, 595 A.2d 334 (1991). Practice
Book 379 states that: CT Page 6991
 In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment at any time, except that the Party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial.
(Emphasis added.) Practice Book 379.
In his memorandum in support of his motion for summary judgment, defendant maintains that there is no genuine issue of material fact because the plaintiff's claims are barred by the statute of limitations set forth in Connecticut General Statutes52-576, and 52-577.
The plaintiff has raised two arguments in its memorandum in opposition to the defendant's motion for summary judgment. Firstly, the plaintiff asserts that the defendant has failed to request the court's permission to file a motion for summary judgment, as mandated by Practice Book 379 when a case has been assigned for trial. Secondly, the plaintiff maintains that the court should not act on the defendant's motion for summary judgment until it has ruled on the plaintiff's request for leave to amend the plaintiff's reply to the defendant's special defense that was filed on May 4, 1993. The plaintiff's second argument is moot because the court acted on the plaintiff's request for leave to amend by overruling the defendant's objection on June 8, 1993. Thus, plaintiff's claim of fraudulent concealment is set in counterpoint to defendant's claim that this action is barred by the statute of limitations.
Turning to the plaintiff's first argument, it is clear that the defendant has not obtained the court's permission to file a motion for summary judgment, as required by Connecticut Practice Book 379.
In Showalter v. Freccia, 8 Conn. L. Rptr. 563 (May 3, 1993, Ballen, J.), the court held that a summary judgment motion filed without the court's permission after a case has been placed on the assignment list or assigned for trial is not properly before the court. CT Page 6992
For the foregoing reason, the Motion for Summary Judgment is denied, without prejudice.
CLARANCE J. JONES, JUDGE